O’NIELL, C. J.
 

 This is a summary proceeding to evict a tenant, on the allegations, first, that the contract of lease has terminated, and, in the alternative, that the contract was’violated by the lessees. The suit was brought under the provisions of section 2155 of the Revised Statutes, as amended and re-enacted by Act No. 55 of 1926. p. 68. The court gave judgment for the plaintiff!, and the defendants have taken a suspensive appeal from the decision. The condition stipulated in the appeal bond furnished by the appellants is that they shall prosecute their appeal and shall satisfy whatever judgment may be rendered against them. The bond was'made in conformity with article 579 of the Code of Practice, which prescribes the conditions of an appeal Bond in an ordinary proceeding. The conditions of a suspensive appeal bond for an appeal from a judgment of eviction, in a summary, proceeding under section 2155 of the Revised Statutes, are prescribed in section 2157, which requires the bond to be given as “security for all such damages as the appellee may sustain.” The appellee in this case, therefore, filed a motion to dismiss the appeal for want of a valid appeal bond. In their brief filed in opposition to the motion to dismiss the appeal, the appellants invoked the provisions of Act No. 112 of 1916, p. 241; the ninth section of which act declares that no appeal shall be dismissed on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for insufficiency of the surety or sureties on the bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy, or omission, or to furnish a new or supplemental or additional bond, as provided in the statute. The third section of the act requires that a complaint of the insufficiency of an appeal bond, “either as to form or substance,” shall be made in the court of original jurisdiction, and allows the appellant two days, after service of the notice of such complaint, in which to furnish a new or supplemental or additional bond.
 

 Our opinion is that the act of 1916 protects the appeal against dismissal in this case, even though the conditions stipulated in the appeal bond are not in conformity with the statute on the subject.
 

 In the case of Doullut v. Rush et al., 142 La. 443, 77 So. 110, cited by counsel for appellee, it was held that the defendants were not entitled to a suspensive appeal, but were entitled only to a devolutive appeal, from the judgment evicting them from the leased premises, and that the Act No. 112 of 1916 did not protect the appeal in that respect. The appeal bond in that case was given in conformity with article 579 of the Code of Practice, instead of section 2157 of the Revised Statutes; but the reason why the act of 1916 did not protect the appeal, as a suspensive appeal, was that the appellants had failed also to comply with another condition, on which alone, according to that section of the Revised Statutes, they could have taken a suspensive appeal; that is to say, they had failed to■ file a special defense in the court of original jurisdiction, supported by their oath that all of the facts stated in their1 answer to the suit were true. The decision in that case is therefore not appropriate to this case.
 

 The appellant, after filing his motion to dis
 
 *81
 
 miss this appeal, filed his complaint in the district court, contending that, inasmuch as the appeal bond was not valid', the court had not lost jurisdiction of the case. On the next day after the notice of the complaint was served upon the attorneys for the defendants, they filed a suspensive appeal bond, conforming with the requirements of section 2157 of the Revised Statutes — protesting, however, that the appeal bond which they had filed theretofore was a valid appeal bond. The ruling which the district judge then made is complained of in another proceeding now pending on a writ of certiorari (169 La. 825, 126 So. 205); as to which we express no opinion at this time. It is sufficient to say that, according to the provisions of Act 112 of 1916, the motion to dismiss the appeal, which we are now considering, must be overruled/
 

 The motion to dismiss the appeal is overruled.