(126 So. 205)

No: 30371.

SCULLY v. PIERCE & BOUVIER et al.

Jan. 6, 1930.

Harvey Peltier, of Thibodaux, for relators.

Roland B. Howell, of Thibodaux, for respondents.

O'NIELL, C. J. This is a summary proceeding to oust a tenant, on the ground, that the lease has expired, and, if not expired, has been violated. The summary proceeding to evict a tenant is provided for in section 2155 of the Revised Statutes, as amended by Act No. 55 of 1926, p. 68. The district court gave judgment for the plaintiff, from which the defendants moved for a suspensive appeal. The judge granted the appeal on condition that the appellants should give bond for $2,000, conditioned as the law requires. Section 2157 of the Revised Statutes requires an appeal bond to be given as "security for all such damages as the appellee may sustain," in order to stay execution of a judgment evicting a tenant from leased premises, pending an appeal from the judgment. The obligation or condition of an appeal bond, for a suspensive appeal, in an ordinary proceeding, is prescribed in article 579 of the Code of Practice, and is that the appellant shall prosecute his appeal and shall satisfy whatever judgment may be rendered against him. The appellants in this case promptly gave the suspensive appeal bond for $2,000, as ordered by the court; but they made the mistake of using the form, or obligation, required by article 579 of the Code of Practice, for a suspensive appeal in an ordinary suit, instead of the form, or obligation, required by section 2157 of the Revised Statutes, for a suspensive appeal from a judgment ordering a tenant evicted from leased premises. The appellee, in this case, therefore, filed a motion in this court to dismiss the appeal, in so far, at least, as it stayed execution of the judgment appealed from. The court ruled that the appeal, even as a suspensive appeal, was protected by the provisions of Act No. 112 of 1916, p. 241. The

ninth section of the statute declares that no appeal shall be dismissed on account of an error, inaccuracy, omission, or insufficiency in the appeal bond, unless the appellant shall have failed to correct the error, inaccuracy, omission, or insufficiency, or to furnish a new or supplemental or additional bond, as provided in the statute. The third section of the act requires that any complaint that may be made of an error or insufficiency in an appeal bond, "either as to form or substance," shall be made in the court of original jurisdiction, and that the appellant shall have two days, after service of the notice of such complaint, in which to put an end to the complaint by furnishing a new or supplemental or additional bond. Therefore the appellee, before this court had acted on his motion to dismiss the appeal, filed a motion in the district court to have the appeal declared invalid, at least as a suspensive appeal, and to have the judgment executed. The ground for the motion was the same as that for which the appellee was asking this court to dismiss the appeal; that is to say, that the appeal bond was given according to article 579 of the Code of Practice, instead of being given according to section 2157 of the Revised Statutes. On the next day after being notified of the complaint in the district court, the defendants appeared, and, availing themselves of the right granted them by the third section of Act No. 112 of 1916, filed a new and additional bond for $2,000, as "security for

all such damages as the appellee may sustain," and as required by section 2157 of the Revised Statutes. The appellee, however, insisted that the error in the bond first filed was such as to render it null, or no bond at all, and that the appellants therefore should not be allowed to correct the error by filing a new or additional bond. The district judge sustained the appellee's contention; and the appellants obtained from this court a writ of certiorari and alternative writs of prohibition and mandamus. Subsequently, this court ruled, on the motion to dismiss, that the appeal was protected, as a suspensive appeal, by Act No. 112 of 1916, notwithstanding the appeal bond should have been given with the condition prescribed by section 2157 of the Revised Statutes, instead of the condition prescribed by article 579 of the Code of Practice. See Frederick Scully v. Pierce & Bouvier et al. (La. Sup., No. 30313) 128 So. —,[1] decided December 2, 1929. That ruling, as far as it goes, is the law of this case; and it is decisive of the proposition that the appellants had the right, within the time prescribed by the act of 1916, to correct their error, by giving a new and additional bond, containing the condition or obligation prescribed by law for a suspensive appeal from a judgment ordering a tenant evicted.

The ruling complained of is annulled, and the judgment of eviction, dated the 10th of November, 1929, is declared not exigible while the appeal in this case is pending.

[1] Hearing on the merits pending.