HAWTHORNE, Justice.
The Governor Claiborne Apartments, Inc., by written agreement leased to Joseph J. Attaldo approximately 460 square feet in the Claiborne Towers in New Orleans for a term of five years, beginning January 1, 1953. The lease was made in consideration ■of a minimum guaranteed rental of $1,500 for the first year and $1,800 for each of the remaining four years.
Approximately 18 months after the lessee had taken possession of the leased premises, the lessor instituted these summary proceedings under the provisions of R.S. 13:4918 et- seq. to obtain possession of the leased premises for an alleged violation by the lessee of certain terms of the written lease. After trial on the merits there was judgment in the lower court for plaintiff, and defendant was granted a suspensive appeal to this court.
In this court appellant filed a motion to transfer this appeal to the Court of Appeal for the Parish of Orleans, alleging that the annual rent for the leased premises does not exceed $2,000 and that this court is therefore without appellate jurisdiction. There is no merit in appellant’s motion to transfer this appeal. The issue in this..case is-the right to. the possession of the property before the expiration of the lease. See Fontenot v. Babineaux, 217 La. 891, 47 So.2d 678. In Board of Levee Com’rs of Orleans Levee Dist. v. Lacassin, 224 La. 570, 70 So.2d 128, 129, this court said: “Under our jurisprudence, in a suit for possession of realty such as this [ejectment proceedings], the value of the right of occupancy is the test of appellate jurisdiction * * At the time this suit was instituted, the lease had more than three years to run, at a stipulated minimum rental of $1,800 for each of the remaining years, or a total of $5,400. Accordingly the value of the right in dispute far exceeds $2,000, and this court has appellate jurisdiction.
Appellee filed a motion in,this court to dismiss the appeal insofar as it stays the execution of the lower court judgment. In other words, appellee has moved that the appeal be dismissed insofar as it is suspensive in character. The reasons alleged in this motion are (1) that the appellant failed to perfect his appeal to the Court of Áppéal within 24 hours of the rendition of the'lower court judgment; (2) that the appeal -bond does not comply with the provisiojijs of -R.S. 13 :4924 in that appellant, did not give bond for “security for all such damages as the appellee may sustain”; (3) that the oath made by appellant supporting his special defense is inadequate for failure to swear to the facts alleged therein, also as, provided in R.S. 13:4924. . , '
The first reason-urged-by., appellee as ground for dismissal of'/this; appealv-needs *44 no comment in view of our finding that we have appellate jurisdiction in this case.
The second reason urged by appellee as ground for dismissal is also unimpressive. Within 24 hours of the rendition of the judgment 'n the lower court defendant executed his bond for a suspensive appeal. It is true that this bond was not given as “security for all such damages as the appellee may sustain”, as provided by R.S. 13:4924, but was given on the condition that “the appellant shall prosecute therefrom a suspensive appeal and shall satisfy whatever judgment may be rendered against him”, as provided by Article 579 of the Code of Practice. The question which is being urged here by appellee was presented to this court in the case of Scully v. Pierce & Bouvier, 169 La. 825, 126 So. 205; Id., 171 La. 78, 129 So. 675, and was decided adversely to appellee’s contention. In the Scully case the court was interpreting Act 112 of 1916, which is the source of R.S. 13:4571-13:4580, and therefore we feel that the Scully case is controlling here.
R.S. 13:4572 provides:
“Whenever any litigant has furnished in connection with any judicial proceeding a bond and surety, and the bond is insufficient in amount or incorrect by reason of errors or omissions therein, such litigant may correct such insufficiency, error, or omission in the court of original jurisdiction, and may furnish a new or additional bond and surety conditioned according to law. Any new bonds so furnished, and any supplemental or additional bond, shall have the same effect as to principal and surety as. if it had been furnished in the original bond and had been filed on the date of the filing of the original bond * *
In the instant case appellee failed to complain in the court below of the irregularity in the appeal bond and thus did not afford appellant an- opportunity to correct this bond pursuant to the provisions of R.S. 13:4579. Appellee therefore cannot raise this issue as ground for the dismissal of the suspensive appeal in this court. Grant v. Succession of Grant, 159 La. 535, 105 So. 611; Hand v. Harper, 171 La. 47, 129 So. 664; Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147.
Moreover, it.appears. from the record that appellant has filed a new bond conditioned as R.S. 13 :4924 requires, and thus the error in the execution of the original appeal bond has been cured.
Appellee’s third reason for urging dismissal is also without merit. Appellant urged a special defense in his answer in the court below, in conformity with R.S. 13:4924. In his supporting oath he swore that all the allegations contained in his answer were true and correct, and that he was entitled to retain possession of the leased premises. Appellee contends that this oath is inadequate under R.S. 13:4924, which provides that no appeal from any judgment in ejectment proceedings shall suspend exe *46 ■cution unless the defendant has filed a special defense supported by his oath that all the facts contained in his answer are true and entitle him to retain possession of the premises. This argument is overly techni■cal. On the whole we think that appellant’s ■oath that all the allegations contained in his answer are true and correct is a sufficient compliance with the provisions of the statute.
The motion filed by appellant, Joseph J. Attaldo, to transfer this appeal to the Court ■of Appeal for the Parish of Orleans is denied. The motion of appellee, Governor Claiborne Apartments, Inc., to dismiss the appeal insofar at it suspends execution of the judgment appealed from is likewise denied.