REGAN, Judge.
This appeal emanates from the Civil District Court for the Parish of Orleans. The plaintiff-appellee, Governor Claiborne Apartments, Inc., insists that it sfiould-be dismissed for the reason that the defendant-appellant, Joseph J. Attaldo, who lodged the appeal on November 24, 1954, has made no effort to have it transferred to the Supreme Court, although that court on February 14, 1955, in a similar suit involving the identical litigants and the same contract of lease, Governor Claiborne Apartments, Inc., v. Attaldo, 227 La. 39, 78 So.2d 502, held inter alia that it was vested, with exclusive jurisdiction. Alternatively, plaintiff-appellee asserts that if this Court should decide to transfer this case to the Supreme Court, it should only transfer the devolutive appeal and dismiss the suspen-sive appeal. Plaintiff-appellee, in conclusion, asserts that the failure of defendant-appellant to effect the transfer hereof was deliberate and reveals that the appeal was frivolous and dilatory.
Defendant-appellant, in opposition to the foregoing motion to dismiss, points out that there have been three eviction rules filed by the plaintiff-appellee against him. In two of these rules there was judgment for the plaintiff-appellee in the district court; from an adverse judgment in the first of these suits, defendant-appellant appealed to the Supreme Court and - lodged the transcript therein on September 9, 1954. Thereafter, on November 10, 1954, defendant-appellant, convinced that he had prosecuted the appeal to the wrong tribunal, filed a motion in that Court requesting that the appeal be transferred here. The Supreme Court took this motion under advisement. In the interim defendant-appellant lodged this appeal here on November 24, 1954. On February 11, 1955, in the first of these cases, Governor Claiborne Apartments, Inc. v. Attaldo, supra, the Supreme Court held, inter alia, that it had jurisdiction of the matter and, accordingly, retained the appeal. On May 23, 1955, the Supreme Court handed down its opinion on the merits which reversed the judgment of the lower court and dismissed plaintiff-appel-lee’s suit. 228 La. -, 82 So.2d 323. Thereafter, on June 2, 1955, plaintiff-ap-pellee filed this motion to dismiss. The defendant-appellant points out that although this appeal was filed in this Court on November 24, 1954, the appellee has never filed a motion for preference, as it did when the first appeal was lodged in the Supreme Court; that the defendant-appellant assumed that the plaintiff-appellee was awaiting hearing on the Supreme Court appeal, for the reason that had the appellee won that case on appeal, this case would have become moot. However, on May 23rd, the Supreme Court, 228 La. -, 82 So.2d 323, decided the first case in favor of the defendant-appellant, dismissing the plaintiff-appellee’s suit. In brief, defendant-appellant’s counsel asserts that this motion to dismiss was simply an effort to avoid a trial on the merits.
We have carefully considered the motion to dismiss and are of the opinion that the defendant-appellant should not be penalized simply because he exercised wisdom in awaiting the Supreme Court’s ruling on the merits before taking any action with respect to this appeal. It is quité obvious had the appellee won that appeal, this case would have been relegated to the category of moot; accordingly, it is now ordered, adjudged and decreed that the motion to dismiss this appeal be: and' it is denied.
*568 Therefore, exercising the authority vested in this Court by the provisions of LSA-R.S. 13:4441, 13:4442.
It is ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of Louisiana pursuant to law, which transfer is to be effected within sixty days and if such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed. Defendant-appellant to pay the costs of the appeal to this court.
Motion to dismiss denied.
Appeal transferred to Supreme Court.
JANVIER, J., absent