peared nor did he file a brief in support of his appeal. Consequently, he is presumed to have abandoned it. See Grand Lodge of the State of Louisiana, Knights of Pythias v. Natchitoches Lodge No. 89, 215 La. 300, 40 So.2d 472; Core Bros. v. F. J. J. Sloat Dredging Co., 220 La. 169, 55 So.2d 904 and cases there cited.

.The appeal is dismissed.

**90 So.2d 787**

### GOVERNOR CLAIBORNE APART-MENTS, Inc.

### v.

### Joseph J. ATTALDO.

No. 42583.

Nov. 5, 1956.

·Morphy. & Freeman, New Orleans, for appellant.

R. M. Mathews, New Orleans, for appellee.

MOISE, Justice.

This is a summary proceeding by Governor Claiborne Apartments, Inc., lessor, in which it seeks to have its lease with the defendant of the Claiborne Towers Barber Shop cancelled, and to have the lessee

evicted on the ground that he has violated the terms of the lease. From an adverse judgment of the trial court, the defendant appeals.

We find from the record that the plaintiff has tried to evict the defendant on three different occasions, 228 La. 381, 82 So.2d 323; No. 332–761 of the docket of the Civil District Court, for the Parish of Orleans, Division "E"; and the present controversy. Plaintiff's first suit was dismissed by this Court on the ground that the evidence was insufficient to sustain the Lessor's claim with the legal certainty that the law requires. There, the plaintiff sought to evict the defendant on the premise that he was using the barber shop as a place for the operation of a handbook. In the second suit, from which no appeal was taken, the allegations of plaintiff's petition were almost identical to those of the present suit, and judgment was in favor of the defendant.

Plaintiff alleged that the defendant had violated the conditions of the lease, particularly paragraphs (5) and (6), in that he had not kept proper records and provided reports as required by the lease. It further alleged that it had given the defendant due notice of date of cancellation, with a demand to vacate the premises. This notice was by letter of September 21, 1954.

On September 22, 1954, the defendant filed an affidavit before a notary, in which he swore to his gross receipts for the months of June, July, and August, 1954. He paid his September and October rent, which was accepted with reservations. Defendant answered plaintiff's letter on September 23, 1954, stating his willingness to comply with the terms of the lease.

We gather from the record that the plaintiff desired the net figures of defendant's receipts as well as the gross. After expressing his willingness to comply with the terms of the lease, the defendant, still not understanding just what plaintiff desired, was told to consult an accountant in order to ascertain plaintiff's requirements.

The instant contract of lease provides for a monthly rental payment of $150, and payment of a percentage on the gross receipts, whenever they exceed the sum of $1,500. At no time did defendant's receipts reach this figure.

Paragraph six of the lease, upon which the plaintiff relies, reads:

"Lessee shall, on or before the 10th day after the end of each month of each lease year, deliver to Lessor a statement in writing, signed by Lessee, and verified under oath, which statement shall show gross charges for rendition of services and gross sales made in or from the leased premises during the preceding calendar month. Lessee further agrees to deliver to Lessor, within (60) days after the close of each

lease year, an annual statement prepared and signed by a certified public accountant showing the gross charges for rendition of services and gross sales made in or from the leased premises during said lease year, and also to deliver to Lessor, ten (10) days after the same are filed, copies of any and all Federal and State of Louisiana sales tax reports and income tax reports filed by Lessee."

The lease further provides that, after defendant is notified of any breach, he shall have ten days to comply with its terms.

Plaintiff's petition, filed on October 11, 1954, does not set out any specific violation of the terms of the lease after September 21, 1954. It contains the empty statement that defendant failed to deliver certain records and reports.

From an examination of the contract in all of its terms and provisions, the lease refers specifically to gross receipts. No mention is made of net receipts. The law is settled that any ambiguity in a contract of lease must be interpreted in favor of the lessee. (Authorities) Murrell v. Lion, 30 La.Ann. 255; Martin v. Martin, La.App., 181 So. 63; Ferguson v. Smill, La.App., 183 So. 600.

The law and the evidence for the third time predominate in favor of the defendant. The entire proof is vague and

indefinite, and there is no stability of any of the allegations found in the pleadings. A suit cannot be taken from thin air. It must be legally predicated.

From a due consideration of the law, and all of the pleadings and evidence received of record, we conclude that the judgment of the trial court is erroneous and should be reversed and set aside. All costs to be paid by plaintiff.

Judgment reversed and set aside.