308 So.2d 887 (1975)
Herman K. BEEBE, Plaintiff-Appellee,
v.
Arthur H. SCHMITT, Jr., Defendant-Appellant.
No. 12529.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1975.
Hamilton & Sermons, by Joel M. Sermons, Shreveport, for defendant-appellant.
Cook, Clark, Egan, Yancey & King, by Edwin L. Blewer, Jr., Shreveport, for plaintiff-appellee.
*888 Before BOLIN, PRICE and DENNIS, JJ.
PRICE, Judge.
This is an appeal from a judgment awarding plaintiff, Herman K. Beebe, additional rental from defendant, Arthur K. Schmitt, Jr., under a provision of a written lease agreement allegedly requiring the lessee to pay the increase in cost of insurance by reason of lessee's using the leased premises for a beauty shop.
Schmitt and his wife purchased the beauty shop located in the Riviera Apart ments in Bossier City, Louisiana, in 1970, assuming an existing lease. In 1971, the lease was renewed with an increase in the monthly rental. These leases are not involved in this dispute and are not made part of the record.
The lease from which this litigation arises was entered into between Schmitt and the then owner of the apartment complex, Riviera Apartments, Inc., on July 24, 1972, for a monthly rental of $170. The lease provided for a term of one year beginning July 1, 1972. The dispute involved herein results from the following clause of the lease:
"It is further agreed that in the event insurance premium costs are increased because of the Lessee and/or Lessee's business activities the rental shall automatically be increased to cover said increase in insurance premium cost."
In August, 1972, Beebe purchased the Riviera Apartments and subsequent to his purchase demanded defendant's monthly rental be increased by the amount of $146.41, to offset an alleged increase in the annual premium of fire insurance of $1,757 due to the operation of a beauty shop in the apartment complex. Apparently Schmitt refused to pay any increase in rental and this suit was filed by plaintiff at the expiration of lessee's occupancy seeking to collect the entire year's increase in insurance premiums.
There is no dispute that for the entire period a beauty shop was operated in the premises, beginning prior to 1970, that the rate for fire insurance coverage was higher than it would have been without such a business on the premises. It appears that plaintiff discovered the rate was affected by defendant's occupancy after he purchased the property and undertook to make certain revisions in the insurance coverage.
Plaintiff contends the clause in dispute clearly provides for payments by the lessee of any differential between the ordinary insurance rate and the increased rate resulting from the operation of the beauty shop on the premises. Defendant, to the contrary, contends this provision of the lease intends that the automatic acceleration in rent will only be activated if there is an increase in insurance premium costs during the term of this lease. Therefore, he argues, as there has been no evidence showing any actual increase in premium costs during the term, there is no basis for holding him liable for the amount claimed by plaintiff.
We cannot agree with the trial court's finding that the clause in question is clear and unambiguous. The actual language used in the confection of the lease agreement... "in the event insurance premium costs are increased" ... seems to support defendant's position. To accept plaintiff's interpretation would in effect mean the lessee had intended on July 24, 1972, when he signed this lease agreement, to allow an increase in his rent by almost double the amount provided in the agreement. It is only logical to assume Schmitt understood the rental negotiated at that time took into consideration the insurance rate then in effect.
The subject clause is at least ambiguous and subject to the two different interpretations projected by the parties. "The law is settled that any ambiguity in a contract of lease must be interpreted in favor of the lessee." Governor Claiborne Apartments v. Attaldo, 231 La. 85, 90 So. *889 2d 787, 788, (1956). See also Bass v. Santoro, 194 So.2d 780 (La.App. 2nd Cir. 1967).
For the foregoing reasons the judgment appealed from is reversed and it is hereby ordered, adjudged and decreed that the plaintiff's demands be rejected at his costs.