EDWARDS, Judge.
This is a suit by Douglas J. Harper, the assignee of a ' lease-option agreement, against Alvin C. Thompson, the owner-lessor of the property, seeking an injunction to restrain Thompson from interfering with the rights granted by the lease-option. The trial court granted a preliminary injunction; and Thompson has appealed.
On September 3,1976, Thompson granted a “Lease with Option to Purchase” to Millard E. Gottschalck. The lease was for a period of six months beginning October 1, 1976, or until the lessee Gottschalck, could secure the Farmer’s Home Administration financing to purchase the property. The lessee agreed to pay Thompson’s current Federal Land Bank note and his current FHA note on the property as the rental price under the lease. On October 20,1976, Gottschalck made the first rent payment on the lease. At that same time, he allegedly informed Thompson and the local FHA office that he did not intend to go through with the purchase under the option.
*1208 On October 29,1976, Gottschalck assigned all his rights under the lease-option agreement to the plaintiff, Harper. Harper placed nineteen (19) head of cattle on the leased premises on November 1, 1976 and informed Thompson of the assignment. Thompson responded with threats in an attempt to keep Harper off the property.
Shortly thereafter, Harper instituted this suit for an injunction to prevent Thompson from interfering with the lease.
The sole issue presented for review is whether or not the lease was still in effect when it was assigned to Harper. The question of the continuing enforceability of the option to purchase is not before the Court and we do not express an opinion on that question.
As we are not favored by the trial judge with written reasons, we must conclude that he found the lease enforceable at the time of the assignment and at the time of trial. This conclusion follows necessarily from the fact that he granted the requested injunction.
Our examination of the record discloses that there is ample evidence upon which the trial court could have based its factual conclusion. There is no manifest error in the record. We affirm. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Gottschalck testified that on October 20, 1976, when he paid the first rental payment, Thompson expected rent payments for the entire six month term of the lease regardless of whether or not the option to purchase was exercised. Gottschalck stated that he realized he would have to pay the rent for the entire six month term of the lease. Gottschalck further-testified that he had, previous to October 20, 1976, entered into negotiations with Harper which culminated in the assignment of the lease-option to Harper on October 29, 1976, only nine days after the first rental payment was made.
This evidence clearly indicates that Gottschalck did not intend to abandon the lease on October 20, 1976, as he was then engaged in negotiations concerning the assignment of the lease.
Accordingly, we find that the lease was not abandoned, and was therefore valid when it was assigned on October 29, 1976.
Thompson also contends that the lease was breached when Harper failed to make the rental payment on November 1, 1976.
The lease is silent regarding the date on which payment thereon is to be made. Harper testified that Gottschalck informed him that the lease payment was to be made “out of the 15th’s milk money.” Accordingly, Harper personally tendered the rent payment for the month of November to Thompson on November 15, 1976. This payment was refused by Thompson.
“The law is settled that any ambiguity in a contract of lease must be interpreted in favor of the lessee.” Governor Claiborne Apartments v. Attaldo, 231 La. 85, 90 So.2d 787, 788 (1956). See also Beebe v. Schmitt, 308 So.2d 887 (La.App. 2nd Cir. 1975).
Accordingly, we believe that Harper’s payment on November 15, 1976, was reasonable. We therefore reject Thompson’s second contention.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.