360 So.2d 605 (1978)
CONVERT-A-BED, INC.
v.
Fouad SALEM, d/b/a American Fabrics.
No. 9259.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Rehearing Denied July 26, 1978.
Gordon K. Konrad, Gretna, for defendant-third-party plaintiff-appellant, George Wainer.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, James Ryan, III, New Orleans, for defendant-appellee, Fouad Salem, d/b/a American Fabrics.
Before LEMMON, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
This appeal is from the dismissal of a suit for injunctive relief in which plaintiff *606 claims the permitted use provision of a sublease has been violated.
Plaintiff had initially leased the premises in a shopping center from George Wainer, owner, to be used for the "sale of specialty furniture and related items". The space was subsequently subleased by plaintiff to defendant, Salem, with the lessor's permission. The permitted use provision of the sublease states:
"Sublessee under the terms of this Agreement shall be restricted to the sale of fabrics and ladies apparel. * * *"
According to plaintiff, because of the sale by defendant of men's clothes and wearing apparel, defendant was in violation of the permitted use provision of the sublease. Plaintiff filed suit for injunctive relief against defendant-sublessee and joined the lessor as a necessary party defendant. The lessor, Wainer, third-partied the sublesseedefendant. The main demand and thirdparty petition were dismissed. Lessor appeals. We affirm.
In written reasons assigned for the dismissal of the petition, the trial judge stated:
". . . it is virtually impossible to classify exterior wearing apparel as not included within the term `ladies apparel'. Some `ladies' today wear virtually all types of outer garments worn by men. The opposite may not be true. A lease permitted use covering only men's apparel might well effectively exclude the sale of ladies dresses, hats, head scarves, etc. But a permitted use covering the sale of ladies apparel excludes only men's undergarments, and perhaps not even all types of such items. Some ladies today wear pants, jackets, and shirts of the same type as generally worn by men."
The exhibits, some of which were price tags attached to the garments, indicated sizes for both men and women. Letters from manufacturers of the clothes stocked and sold by defendant (stipulated into evidence) indicated the merchandise is "unisex" wearing apparel. According to defendant, his retail outlet caters to the unisex customer trade. The manager of the store stated that approximately 20% of the clothing is "strictly" for ladies and that the remaining merchandise is unisex clothing. He added that the store stocks no merchandise which is "strictly" for men. Defendant approximates that 75% of his customers are female and 25% are male.
A clothing expert whose testimony was offered by plaintiff stated that some of the merchandise in defendant's store was "strictly men's suits". However, he indicated that in his retail business he had not done any purchasing that would appeal to defendant's trade.
The evidence considered, we conclude the record supports the trial court's determination that the business conducted by defendant does not violate the permitted use provision of the sublease.
As a matter of law, it is true, as pointed out by lessor, that LSA-C.C. art. 1946 provides that words of a contract are to be understood "in the common and usual signification". We believe, however, that the interpretation of the permitted use provision of the sublease as made by the trial judge (considering the facts) does not do violence to this Codal provision. The term "ladies apparel" can be subject to more than one interpretation. One restrictive meaning of the term is clothing manufactured exclusively for women. Another broader interpretation is clothing that may be or is worn by women. "Unisex" clothing falls into this broader meaning. The trial judge interpreted the term "ladies apparel" as clothing that may be worn by women and we cannot say his interpretation is unreasonable. Furthermore, the court's interpretation is justified by the well-settled doctrine that any ambiguity in a lease must be interpreted in favor of the lessee. Governor Claiborne Apartments v. Attaldo, 231 La. 85, 90 So.2d 787 (1956); Riverside Realty Company v. National Food Stores of Louisiana, Inc., 174 So.2d 229 (La.App. 4th Cir. 1965).
Finding no error, we affirm the judgment.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.
*607 LEMMON, Judge, dissenting.
The intention of the provision restricting use of the premises to "sale of fabrics and ladies apparel" is to prevent the sale of items in competition with the men's clothing store in the same shopping center.
The record establishes that, in addition to the two basic categories of men's clothing and ladies' clothing, there is a third category referred to as "unisex", which partakes of some of the characteristics of each of the basic categories. The issue is whether a provision restricting sales to ladies' clothing permits the sale of unisex clothing. Although unisex clothing are worn by "some women", they are not ladies' clothing. Indeed, at least 25% of the sales in defendant's store are for men's use (and 75% of the sales in the Florida store operated by the same family, which carries the exact lines).
The competition intended to be prohibited by the restriction in the lease is in fact occurring, and the intention of the parties to the lease is being violated.[1]
NOTES
[1] This case is not controlled by the rule that an ambiguous term for a lease is to be interpreted in favor of the lessee. Although the term "unisex clothing" may be ambiguous, the term "ladies apparel" is not.