REDMANN, Judge.
Questioning our jurisdiction in this appeal transferred to us by the Civil District Court for the Parish of Orleans, we moved to refuse the transfer. The district court transferred on the basis that it no longer has appellate jurisdiction over city court cases of an amount in dispute between $300 and $1,000, including this case from the Second City Court for possession of premises rented at $350 a month. We dismiss our *902 motion and accept the transfer, but on the basis that an action for possession of immovable property is not one for an amount in dispute, and that the district court is given appellate jurisdiction over actions for possession only when the monthly rent is $100 or less.
The district court reasoned that evictions are cases of an “amount in dispute,” the amount being the monthly rent, and that La.Acts 1977 No. 593, amending C.C.P. 4921, “Procedure in cases involving three hundred dollars or less”, by providing for “appeal in such a case” to the district court, reduced the maximum amount of the district court’s appellate jurisdiction to $300 from the $1,000 provided by C.C.P. 4833 B (held applicable to New Orleans city court cases by Hibernia Nat. Bk. v. deGraauw, La.App. 4 Cir. 1977, 351 So.2d 1223, aff’d, La., 350 So.2d 1219).
Our view is that laws giving the district court appellate jurisdiction (thereby removing our own, Const.1974 art. 5 §§ 10(A) and 16(B); Hibernia, supra) over eases involving an “amount” apply literally to monetary demands. A demand for money owed as rent is such a monetary demand, but a demand for eviction from immovable property is not, notwithstanding that the property is rented for some amount per month or year or other period, and that the eviction is demanded for nonpayment of some amount of rent past due.
A city court has jurisdiction in certain eviction cases not because it has jurisdiction in cases of certain amounts in dispute, but because of an express grant of eviction jurisdiction. Thus C.C.P. 4835 grants to New Orleans city courts exclusive jurisdiction of eases of an “amount in dispute” up to $200 “and of suits by landlords for the possession . . . where the monthly rent” is not over $500, together with concurrent jurisdiction (with the district court) of eases of an amount in dispute up to $2,000, but not of evictions when rent is over $500 a month. (Jurisdictional statutes for other city courts have long been different; see Tete v. Hardy, La.1973, 283 So.2d 252. Today C.C.P. 4833 expressly grants them eviction jurisdiction “where the monthly or yearly rent, or the rent for the unexpired term of the lease,” does not exceed $2,000.)
There is no law providing appellate jurisdiction in eviction cases to the Civil District Court in express terms. Former Const.1921 art. 7 §§ 81 and 91 were interpreted, however, by Lichtentag v. Bowens, 1970, 256 La. 559, 237 So.2d 377, to grant appellate jurisdiction to the Civil District Court in eviction cases with monthly rent of $100 or less. Those provisions and that decision remain controlling today in respect to eviction cases in which the monthly rent is $100 or less.
Former art. 7 § 91 (continued as a statute by Const.1974 art. 14 § 16(A)5) governed the First City Court, but § 92 (now, in substance, R.S. 13:2151.4) gave the Second City Court “the same jurisdiction as the First City Court” (although in different areas of the city).
§ 91A provided as to the First (and therefore R.S. 13:2151.4 as to the Second) City Court that it
has exclusive original jurisdiction in all cases where the amount in dispute or fund to be distributed does not exceed one hundred dollars, exclusive of interest, including suits for the ownership or possession of movable property not exceeding that amount in value, and including suits by landlords for possession of leased premises when the monthly rent does not exceed one hundred dollars. It has concurrent jurisdiction with the civil district court ... in all cases [with exceptions] when the amount in dispute or fund to be distributed exceeds one hundred dollars but does not exceed one thousand dollars . . . , including suits for the ownership or possession of movable property not exceeding one thousand dollars in value. [Emphasis added.]
§ 91D provided:
Appeals from the first city court in cases where the amount in dispute or the *903 fund to be distributed does not exceed one hundred dollars, exclusive of interest, shall be taken to the civil district court . as provided in . Section 81 . . . . Appeals in all other cases shall be taken to the court of appeal for the fourth circuit. [Emphasis added.]
§ 81 (now R.S. 13:1137) gave the Civil District Court
appellate jurisdiction over all cases tried in the city courts of New Orleans where the amount in dispute, value of the movable property involved, or fund to be distributed, does not exceed one hundred dollars . . . . [Emphasis added.]
The emphasized provisions of § 91A show that eviction suits are (1) expressly included within the lengthy phrase describing $100- or-less jurisdiction, but (2) impliedly excluded from the different phrase describing $100-to-$l,000 jurisdiction. The first phrase is defined as including suits for movables and including evictions of tenants, and the second phrase is defined as including suits for movables — and, by failing to add “and including” evictions, that second phrase excludes evictions from $100-to-$l,-000 jurisdiction.
The emphasized portion of former § 81 (now R.S. 13:1137) is worded like the $100-to-$l,000 phrase of § 91: by expressly including movables, it seemingly excludes evictions, in the grant of appellate jurisdiction to the Civil District Court. The emphasized portion of § 91D, however, in its grant to the Civil District Court of appellate jurisdiction uses verbatim the lengthy phrase of § 91A’s grant to the city courts of exclusive $100-or-less original jurisdiction. Lichtentag gave that lengthy phrase in § 91D the identical definition that § 91A establishes (including movables and including evictions).
Lichtentag’s ruling, was, moreover, expressly founded upon then art. 7 § 29’s limited grant of jurisdiction to the courts of appeal. It granted us jurisdiction when the district courts had original jurisdiction, either exclusive or concurrent. It did not grant appellate jurisdiction over cases within the city courts’ exclusive original jurisdiction. Thus, because art. 7 § 91A gave the city courts exclusive original jurisdiction in evictions when monthly rent was $100 or less, § 29 gave us no jurisdiction, and therefore appeal was to the district court.[1]
Lichtentag’s language describing an eviction case as one of an “amount” in dispute must therefore be understood in this overall context. Lichtentag did not legislate a new definition, making suits for an “amount” out of all New Orleans city court eviction suits. Because the 1921 constitutional provisions together supported Lichtentag’s result in leases for $100 a month or less, we interpret Lichtentag within its own confines, and we reason that, in any other context, a suit for possession of immovable property is not a suit for an amount, equivalent to one month’s rent. (If one evaluate either lessor’s or lessee’s rights under a lease, the rights for the entire unexpired term must enter that evaluation; Governor Claiborne Apts. v. Attaldo, 1955, 227 La. 39, 78 So.2d 502. The lessee’s right to the rent for the remainder of the term, like the lessee’s right to occupancy, is worth more than one month’s rent unless the lease only has one month remaining.)
Accordingly, it is immaterial to this appeal whether C.C.P. 4833B grants the civil district court appellate jurisdiction in appeals when “the amount in contest” is *904 $1,000 or less, as we held in Hibernia., or whether C.C.P. 4921B’s later $300-or-less procedure is in conflict with C.C.P. 4833B. What is here in contest is not an amount, but the right to possession of premises. Because the premises rent for more than $100 a month, the Civil District Court is not given jurisdiction of this appeal. Under Const, art. 5 § 10(A) jurisdiction is therefore ours.
Motion to refuse transfer recalled.

. Art. 7 § 9 ID did provide, nevertheless, after granting $100-or-less appellate jurisdiction to the district court, that appeals “in all other cases” came to us. Thus if Lichtentag had held that neither § 81 nor § 91D gave the district court appellate jurisdiction over $100-or-less eviction cases, then § 91D would have given that jurisdiction to us. Art. 7 § 29 was not necessarily in conflict: it read “Any [other] provision of this Constitution or law to the contrary notwithstanding, the courts of appeal have appellate jurisdiction” (our emphasis) of cases within the district court’s original jurisdiction. That wording might have been interpreted only to prevent § 91D from decreasing, and not from increasing, our jurisdiction; § 29 did not say we did not have any jurisdiction that § 91D gave us.