(53 South. 856.)

No. 18,522.

## LAUGA v. BARADAT.

(Dec. 12, 1910. Rehearing Denied Jan. 3, 1911.)

*(Syllabus by the Court.)*

1. COURTS (§ 224*)—SUPREME COURT—JURISDICTION—AMOUNT IN CONTROVERSY.

  In suits by landlords to eject tenants, the jurisdiction of the courts is determined by the amount of the monthly or yearly rental. Rev. St. § 2156. The Supreme Court has no jurisdiction of an action to annul a judgment rendered in such an ejectment suit, where the rental does not exceed $2,000.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 224.*]

2. COURTS (§ 484*)—SUPREME COURT—TRANSFER OF CASES.

  Act No. 56 of 1904 gives the Supreme Court the right to transfer cases to the Courts of Appeal, but imposes no mandatory duty in that respect.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 484.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by John Baradat against John B. Lauga to annul a judgment. Judgment for defendant, and plaintiff appeals. Dismissed.

P. L. Fourchy, for appellant. Oliver S. Livaudais and Woodville & Woodville, for appellee.

LAND, J. Lauga brought a summary suit against Baradat, his alleged tenant, to obtain possession of certain leased premises. Judgment was rendered in favor of Lauga in the district court, ordering Baradat to vacate the premises. On the appeal of Baradat, the judgment was affirmed by the Court of Appeal.

Baradat then instituted the present proceeding to annul the judgment of the district court on the grounds that the court had no jurisdiction ratione materiæ, and that the judgment had been obtained by fraud and ill practices of Lauga in falsely representing that the relations of landlord and tenant ex-

isted between him and the petitioner. Baradat prayed for judgment decreeing the nullity of the judgment rendered in the eviction suit and maintaining him in possession of the property. Baradat also sued out a writ of injunction restraining the execution of the judgment sought to be annulled. This injunction was dissolved, and Baradat moved for and was granted a suspensive appeal to the Supreme Court. The appellee has moved to dismiss the appeal on the ground that this court is without jurisdiction ratione materiæ.

The appellant has filed affidavits in this court that he has been in peaceful and undisturbed possession as owner of the property described in his petition for more than 20 years, and that the aforesaid property is worth the sum of $5,000.

The only issues in the ejectment suit were whether Baradat held possession of the property under a lease from Lauga, and, if so, whether the term had expired. The question of title to the property was not involved. In ejectment suits, the amount of the monthly or yearly rental determines the jurisdiction of the courts. Rev. St. 1870, § 2156. The alleged lease from Lauga to Baradat was for one year, at $15 per month. Hence the suit was properly brought in the district court, and was properly appealed to the Court of Appeal. The present suit being one to annul a judgment rendered on a matter in dispute which the statute values at $180, it is evident that the Supreme Court is without jurisdiction ratione materiæ. The Court of Appeal has the same jurisdiction to annul as it had to affirm the judgment.

Act No. 56 of 1904 gives this court the right to transfer cases to the Court of Appeal, but imposes no mandatory duty in that respect. We do not consider that this case calls for the exercise of our discretionary right to transfer.

It is therefore ordered that the appeal be dismissed, with costs.