LAND, J.
City courts have the civil jurisdiction of justices of the peace, who have jurisdiction of—
“suits by landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed one hundred dollars.” Const. 1913, arts. 96-126.
See, also, Act No. 313 of 1908.
*51 In the instant case the lease was for three years at the rate of $65 per month, payable promptly at the expiration of each month.
The lease by its terms expired on August 1, 1.916, “with privilege of refusal at that time, ai rental to l)e agreed upon.’’
The words underscored are in writing, while the rest of the contract is in type.
On August 5, 1916, plaintiffs instituted in the city court for the city of Shreveport an ejectment suit against deféndant under Act No. 313 of 1908.
The petition alleges that the lease had terminated, and that the statutory notice of 30 days had been duly served.
The petition further alleges in the alterpative that the defendant had violated the contract of lease by subletting the premises, and by failing to pay the stipulated rent promptly at the expiration of the month of June, and did not tender payment of the same until July 14, 1916.
The petition further alleges that plaintiffs declined to accept said tender; that the defendant refused to comply with the notice to vacate, and was still in possession of the leased premises.
• The petitioners prayed for the statutory rule against the defendant to show cause why an order should not be issued, condemning the defendant to deliver to the plaintiffs the possession of said premises, and that, on a hearing, judgment be rendered condemning the defendant to deliver to the plaintiffs'possession of said premises, reserving to petitioners all their rights to sue for unpaid rent and such other damages as may be due by said defendant.
Defendant excepted to the jurisdiction of the court, ratione materiae, on the ground that the lease in controversy was for three years, and of a value of more than $2,000; that the suit involved the construction of a real property right; that the suit is a possessory action for the possession of real property; and thereupon defendant offered to prove that said lease was an existing contract for three years.
The city court refused to hear the evidence, and overruled the exception to its jurisdiction, because the suit was for the possession of leased premises, and the Constitution of 1913, art. 126, confers jurisdiction on said court where the monthly or yearly rent does not exceed $100; as in this case, where the monthly rental is $65, and the suit was one of ejectment under Act No. 313 of 1908.
Defendant, without waiving his exception to the jurisdiction, filed other exceptions and pleas, which did not affect the question before the court.
The only question involved is whether the city court had jurisdiction of the demand of the plaintiffs.
Under article 2683 of the Civil Code of 1825, justices of the peace were vested with jurisdiction to summarily expel tenants.
In the case of Walker v. Van Winkle, 8 Mart. (N. S.) 563, the court held that the value of the tenant’s improvements, no more than the value of the land, could be considered in determining the question of the justices’ jurisdiction in such ejectment proceedings, saying:
“The law intended to.give a speedy and efficacious means of putting the lessor in possession, and leaves the other questions growing out of the contract to be settled in due course of law, after possession is obtained.”
See, also, Kennedy v. Downey, 2 Rob. 284, where the court, speaking through Martin, J., said that Civil Code, art. 2683, authorized justices of the peace to order the expulsion of tenants without any distinction as to the value of the lease, in the same manner as justices of the peace were authorized by English statutes to act in ease of forcible entry and detainer.
But article 2713 of the Civil Code of 1870 amended said article so as to read, “a judge *53 or justice of the peace,” and section 2156 of the Revised Statutes of 1870 provided that:
“Whenever the monthly or yearly rent paid by the tenant, or the lease which he shall allege to hold, shall exceed the sum of one hundred dollars, then the summary proceedings allowed by the preceding section for the possession of leased property shall be instituted and carried on before any parish or district court having competent jurisdiction, in the manner provided in the preceding section.”
Act 313 of 1908 provides that the tenant shall be cited “to appear before any court, having competent jurisdiction.”
The jurisdiction of justices of the peace in cases of this kind is now fixed by article 126 of the Constitution of 1913, quoted supra.
Article 126 vests jurisdiction in justices of the peace in cases “when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed” $100.00.
The circumstance that a lease for a year, or term of years, stipulates the payment of a certain sum at the expiration of each month does not diminish the amount of the “yearly rent.”
In the instant case the rental is $780 per annum, divided into 12 payments of $65 each.
In Lauga v. Baradat, 127 La. 543, 53 South. 857, this court said:
“In ejectment suits, the amount of the monthly or yearly rental determines the jurisdiction of the courts. Rev. St, 1870, § 2156.
“The alleged lease from Lauga to Baradat was for one year, at $15 per month. Hence the suit was properly brought in the district court, and was properly appealed to the Court of Appeal.
“The present suit being one to annul a judgment on a matter in dispute which the statute values at $180, it is evident that the .Supreme Court is without jurisdiction ratione materise.”
What is the monthly or yearly rent must be determined on the face of the lease, and it is manifest that the city court has no jurisdiction in the premises, unless conferred by the phrase, “or the rental of the unexpired term of the lease,” and in this case it is obvious that the stipulated term of the lease had expired before the ejectment suit was filed.
The amount of the “yearly rental” brings this suit within the jurisdiction of the district court for the parish of Caddo.
The test of jurisdiction prescribed'in article 126 of the Constitution of 1913 was intended to restrict the jurisdiction of justice and city courts in ejectment suits to leases which do not stipulate a rental exceeding $100.
It appears inferentially on the face of the record that there is a serious dispute between the lessors and the lessee as to the latter’s right to- remain on the leased premises, and we are of opinion that such a controversy should be brought before the district court vested with plenary jurisdiction in the premises.
It is therefore ordered that all the proceedings below be annulled and vacated, for want of jurisdiction, ratione materise in the respondent judge, and that the writ of prohibition herein sued out be perpetuated; costs in both courts to be paid by the plaintiff.