ELLIOTT FINKELSTEIN

VS

THRASOS VOURVOULIES

No. 8460

January 2d, 1922.

CHARLES F. CLAIBORNE, JUDGE.

On motion to dismiss.

Plaintiff sues for rent, for cancellation of lease, and for possession of leased premises for non-payment of rent.

This suit was filed October 21st, 1921.

Plaintiff averred that the author of his title had leased to defendant the property No. 749 S. Rampart Street for a term of two years commencing November 15th, 1920 and ending November 14th, 1922 at a yearly rental of $1860.00 payable in monthly installments of $155.00 for which the defendant furnished his twenty-four notes, and that the defendant has failed to pay the note due October 14th, 1921. He prays for judgment for

"155.00 with 10 per cent. attorney's fees upon une amount herein sued for, plus such additional sum as may be due for rent until petitioner obtains possession of the leased premises; x x x that the aforesaid lease be cancelled as of date November 14th, 1921; that the said Vourvoulies be cited summarily by rule to show cause why judgment should not be rendered. condemning the defendant to vacate the premises 749 Dryades Street and 748-750 S. Rampart Street and to deliver possession of same to petitioner; and decreeing that upon his failure to comply with the said judgment within twenty-four hours after its rendition, a writ of ejectment issue herein commanding the Civil Sheriff for the Parish of Orleans to eject the defendant from the aforesaid pre-

mises and put petitioner in possession thereof".

There was judgment for defendant dismissing plaintiff's rule for possession and the plaintiff has appealed.

In this Court the defendant and appellee has moved to dismiss the appeal

"on the ground that this Honorable Court is without jurisdiction of this cause ratione materiae".

The plaintiff and appellant filed a written answer to this motion in which he says:

"That the lease sued upon is a lease for two years at the rate of $155 per month, or at a yearly rental of $1860.00, or total rental for the two years of $3720.00, that the jurisdiction of the Court in this case is fixed on the yearly rental which being but $1860 brings this cause well within the jurisdiction of this Honorable Court".

He relies upon Sec. 2156 of the Revised Statutes which reads as follows:

"Whenever the monthly or yearly rent paid by the tenant, or the lease which he shall allege to hold, shall exceed the sum of One Hundred Dollars, then the summary proceedings allowed by the preceding section for the possession of leased property shall be instituted and carried on before any parish or district Court having competent jurisdiction, in the manner provided in the preceding section, and the cases shall at all times be tried by preference, after three days notice".

We are of the opinion that this section determines the jurisdiction of the Court before which an ejectment suit is originally filed whether it shall be before the Justice of the Peace, now the City Court in the City or new Orleans, or before the District Court.

It has nothing whatever to do with the jurisdiction of

either of the Appellate Courts.

The plaintiff in support of his contention that this Court is vested with jurisdiction quotes a sentence in the case of Langa vs Baradat, 127 La. 542 to this effect:

> "In ejectment suits, the amount of the monthly or yearly rental determines the jurisdiction of the Courts".
> R. S. 2156.

But the Court proceeds to say:

> "The alleged lease from Langa to Baradat was for one year at $15 a month. Hence the suit was properly brought in the District Court, and was properly appealed to the Court of Appeal. The present suit being one to annul a judgment rendered on a matter in dispute which the statute values at $180, it is evident that the Supreme Court is without jurisdiction ratione materiae. The Court of Appeal has the same jurisdiction to annul as it had to affirm the judgment".

The Supreme Court evidently meant that this section "determined the jurisdiction of the Courts" before which the suits were originally brought, in accordance with the Constitution and laws limiting the jurisdiction in ejectment suits of Justices of the Peace Courts to cases where the lease was for less than $100 and of District Courts to leases which stipulated a rental exceeding $100.

Section 2156 did not purport on its face to fix the jurisdiction of either of the Appellate Courts, for it could not do so. The jurisdiction of those Courts was fixed by the Constitution. The Supreme Court does not mean that a lessee, holding under a lease for ten years, at a "yearly rent" of $1500, could appeal only to the Court of Appeal from a judgment of ejectment, after he had occupied the leased property only one year, for the matter in dispute was the value of the lease for the remaining nine years.

The case of Dreyfous vs Proces Oil Can, 140 La. 50, was an ejectment suit. The defendant occupied property on a monthly lease of three years at the rate of $65 a month. After the expiration of the lease the plaintiff filed suit in the City Court. Defendant excepted to the jurisdiction of the Court, ratione materiae, on the ground that the lease in controversy was for three years, and of a value of more than $2000. The Court said:.

"The only question involved is whether the City Court has jurisdiction of the demand of the plaintiff".
The Court decided that both under Sec. 2156 and Article 126 of the Constitution of 1913 the City Court was without jurisdiction. Nothing was said about the jurisdiction of either Appellate Courts.

We are of opinion that the jurisdiction of the Appellate Courts is determined by the amount in dispute.

Section 29 of the Constitution of 1921 p 46, provides that the Court of Appeal shall have *appellate* jurisdiction of all cases of which the Supreme Court has not jurisdiction.

The Supreme Court has jurisdiction where the amount in dispute exceeds $2000. Sec 10 p 39 —

The amount in dispute in this case is the right of possession of property under a lease, the unexpired term whereof represents a value exceeding $2000, at the date of the filing of the suit. *If we* take the amount of the lease itself, it is for 24 months at $65 per month, or $3720.00. If we take as a standard the value of the unexpired or unpaid term of the lease at the time of the filing of this suit it is fourteen months or $2170.00. In other words, the plaintiff seeks to dispossess the defendant of a possession the value of which has been fixed by both parties at $2170, and the defendant seeks to retain it. We are of the opinion that the Constitution gives this Court no jurisdiction of a controversy of that amount, but vests it in the Supreme Court.

not

But we will ~~not~~ dismiss the appeal taken to this Court,
in good faith; the ends of justice would not be subserved by
such action. Under the discretionary powers vested in us
by Act 56 of 1904 p 135, we will transfer this case to the
Supreme Court.

It is therefore ordered that this cause be transferred
to the Supreme Court of this State; provided, that before said
transfer is made, the appellant, or his attorney of record,
shall make oath that his appeal was not made for the purpose
of delay; and provided further, that said appellant shall file
in said Supreme Court a transcript of this cause including his
affidavit and a copy of the opinion and decree herein on or
before January 9th, 1922; the costs of the appeal in this
Court to be paid by the plaintiff and appellant.