Nicholas Lama and Joseph Lama brought a summary proceeding under the provisions of Act 200 of 1936 for possession of the premises leased to John Manale and Frank Lombardo under a written lease for *Page 480 
a term of two years at a stipulated monthly rental of $175.00 per month. The plaintiffs alleged in their petition that the lease had expired and that the defendants had not availed themselves of the privilege provided for in the lease of renewing said lease for three or more years under the same terms nor had they notified plaintiffs before July 1, 1947, that they desired to retain the premises for an additional period of time.
The defendant, John Manale, alone answered the petition, since it appears that after the lease had been entered into he had bought out the interests of his partner, Frank Lombardo, including the rights under the lease. This suit was dismissed on defendant's exception of prematurity, reserving to plaintiffs the right to bring the action in due time.
The plaintiffs subsequently brought the present suit for possession of the premises, reaverring all of their former allegations in the petition. The defendant again filed exceptions of prematurity, and no right or cause of action, and reserving his rights under these exceptions, answered to the merits. In his answer, defendant affirmatively avers that in March, 1946, Joseph Lama had agreed to enter into a new lease with him, and had assured him since then that he would be permitted to exercise the right to renew the lease and that he has exercised that right by remaining in the premises. After hearing the evidence, the District Court Judge overruled the exceptions and rendered a judgment in favor of the plaintiffs and against both defendants. The defendant, John Manale, applied for and was granted a suspensive appeal to this court.
Plaintiffs have filed a motion to dismiss the appeal on the ground that the amount in dispute exceeds the jurisdiction of this court as conferred by Sections 10 and 29 of Article VII of the Constitution of Louisiana. The defendant has answered the motion to dismiss averring that, although the yearly rental amounted to $2,100, the monthly rental provided in the lease was $175, and hence this court has jurisdiction. In the alternative, defendant prays that, if this court finds that it does not have jurisdiction, the appeal be transferred to the. Supreme Court as authorized by Act No. 19 of 1912.
[1] It is well settled that the test of jurisdiction of the trial courts in eviction proceedings is the amount of the monthly or yearly rental, and that where a lease for a term of a year or more expresses the rental in monthly payments, it is the amount of the yearly rental which is determinative of jurisdiction. Rev.Stats. Sec. 2156; Lauga v. Baradat,127 La. 542, 543, 53 So. 856, 857; Dreyfus v. Process Oil Fuel Co.,140 La. 50, 72 So. 805.
[2] However, it has been held that no monetary amount is involved in the usual eviction proceeding (See Elkins v. Lents, La. App., 192 So. 772; Bruning v. Rostrup, La. App.,27 So.2d 763), and that hence this court has jurisdiction of this appeal. But this is not an ordinary eviction proceeding. An examination of the pleadings reveals that the real issue here is whether or not there has been a renewal of the lease under the same terms and conditions for a period of a year or more as provided for in the original lease. It is true that there is no money demand in the petition, but there is certainly a monetary amount in dispute, and that is the value of the defendant's right of possession for a period of a year or more under the renewal of the lease. This value is determined by the amount of the rent. Since the rent was $175 per month, or a yearly rental of $2,100, the amount in dispute exceeds the jurisdiction of this court, and this appeal must be transferred to the Supreme Court.
Therefore, for the reasons assigned
It is ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal to be dismissed. Appellant is to pay the cost of appeal in this court, other costs to await final determination of the matter.
Appeal transferred to the Supreme Court.