No reference has been made to Bills Nos. 2, 7, 8 and 11 for the reason that they seem to have all been abandoned.

For the reasons stated the verdict and sentence are affirmed.

HAWTHORNE, J., absent.

**70 So.2d 128**

**BOARD OF LEVEE COM'RS OF ORLEANS LEVEE DIST.**

**v.**

**LACASSIN.**

**No. 41393.**

Jan. 11, 1954.

James David McNeill, New Orleans, for plaintiff-appellant.

Clay & Coleman, Louis J. Dutrey, New Orleans, for defendant-appellee.

HAMITER, Justice.

Our present consideration of this cause is restricted to the question of the jurisdiction of the appeal.

Under date of April 7, 1952 the Board of Levee Commissioners of the Orleans Levee District (hereinafter sometimes referred to as Levee Board) leased and rented unto Paul J. Lacassin certain immovable property equipped as a recreational center which is identified as Lincoln Beach and located in the Parish of Orleans. The written contract recited that the lease was for a period commencing May 1, 1952 and ending December 31, 1952, and that it was granted for and in consideration of a rental of $1,600 payable in advance. The contract further provided that the lessee had the privilege of renewing the lease for an additional period of two years, under the same terms and conditions; and it set forth the manner in which the option should be exercised.

On April 16, 1953 the Levee Board instituted this eviction proceeding against the said Paul J. Lacassin to regain possession of the leased premises, it alleging that the mentioned lease had ceased and terminated under the terms thereof on December 31, 1952. Answering the rule, issued in connection with plaintiff's motion for possession, the defendant averred that he had exercised the option contained in the contract in the manner therein provided and, therefore, is entitled to the stipulated two-year renewal or extension of the lease. He prayed, among other things, to be maintained in the possession and occupancy of the premises during such extended term.

The district court, after trial, rendered judgment in favor of the defendant, dismissing the rule for possession.

The Levee Board appealed. Thereafter, the defendant filed a motion in which he suggests that the amount in dispute does not exceed $2,000 and, hence, this court is without jurisdiction of the appeal.

The suggestion is not well taken. The principal question presented by the litigation is whether or not defendant is entitled to the two-year renewal of the lease, he asserting a proper exercise of the option granted him and plaintiff insisting that the provision of the contract respecting it is unauthorized and ineffective. In contest, in other words, is defendant's right to occupy the premises for an additional period of two years. Under our jurisprudence, in a suit for possession of realty such as this, the value of the right of occupancy is the test of appellate jurisdiction; and herein, as is shown by the mentioned lease contract, the litigants fixed that value at $1,600 per year or a total of $3,200—an amount which requires our accepting jurisdiction of the appeal. See Noel Estate, Inc. v. Louisiana Oil Refining Corporation, La.App., Second Circuit, 170 So. 272, appeal transferred to and accepted by this court, 188 La. 45, 175 So. 744.

Mover contends that in an action of this nature appellate jurisdiction is determined by the rental for not more than one year (thus providing herein a maximum of $1,600), he citing in support of the contention Lauga v. Baradat, 127 La. 542, 53 So. 856 and Lafayette Realty Co. v. Poer, 136 La. 472, 67 So. 335. The cited cases are inapposite. In neither was there in contest a lease contract for a period exceeding one year.

For the reasons assigned the motion to dismiss the appeal is denied.