PER CURIAM.
Defendants-appellees move to dismiss the instant appeal, in an eviction suit brought by their landlord against' them, on the ground that the amount involved in the action is in excess of $2,000, our maximum jurisdictional limit.
The relationship of landlord and tenant between the parties springs from a certain act of lease and agreement to sell entered into on December 8, 1955, whereunder plaintiff leased unto the defendants certain property situated in Royland Subdivision, Parish of Jefferson, for and in consideration of the lessees’ assumption of the mortgage bearing against the leased premises held by a local savings and loan association and their agreement to pay to the said mortgagee the monthly installments due on *620 the mortgage at 'the rate of $37.75 per month, plus a monthly payment to lessor of the additional sum of $15.
The lease agreement stipulates that the lessor is hound to transfer full title to the property to the lessees after lessees have fully paid and satisfied the mortgage; the lessees agreed to abide by the terms of the contract and acknowledge that their failure to do so will render the agreement null and void, causing all sums paid by them to be considered merely as rental payments ; the instrument further contains the stipulation that the respective parties would pay a reasonable attorney’s fee should the other be required to seek legal services to enforce any of the provisions of the agreement.
The lessor brought this summary ejectment suit against the defendants alleging that they had in several respects violated their agreements under the above-stipulated contract; besides praying for possession of the leased premises, the lessor also seeks judgment for $500 as attorney’s fees under the provisions of the contract. Defendants’ answer amounts to á general denial of the allegations of plaintiff’s petition and in their prayer they likewise seek to recover of plaintiff the sum of $500 for their attorney’s fees.
There is no merit in the motion to dismiss as the case clearly falls within our jurisdiction.
The only amount involved is the reciprocal claims for $500 as attorney’s fees; otherwise there remains in the case only the landlord’s claim to the right of possession of the leased premises because of the alleged breach of the lease contract by the tenants and this does not involve any monetary amount whatever.
In the court of origin the test of jurisdiction in eviction proceedings is the amount of the monthly or yearly rental or the rent for the unexpired term of the lease, and where a lease for an unexpired term of a year or a longer period provides the rental shall be paid in monthly payments, the amount of the yearly rental is the standard for determining the court’s jurisdiction. Const.1921, Art.- 7, §§ 35, 48, LSA. Lama v. Manale, La.App., 28 So. 2d 479 and cases there cited.
But this is not so when determining appellate jurisdiction. No monetary amount is involved in the usual eviction proceedings, and hence the Court of Appeal would have jurisdiction where an appeal lies from a district court in such case. Lama v. Manale, supra; Elkins v. Lents, La.App., 192 So. 772.
See also Bruning v. Rostrup, La.App., 27 So.2d 763.
Therefore, the motion to dismiss is denied.
Motion denied.