REGAN, Judge.
Plaintiff, Mrs. Mayme E. Sanders, instituted this suit against the defendants, Bernard L. and Nellie M. L. Arcana, endeavoring to obtain possession of the premises of 531-33 Resor Avenue, Jefferson Parish, and the cancellation of her “Act of Lease and Agreement to Sell” the property to the defendants because of their default thereunder.
The defendants answered and denied that they were in default under the terms of the agreement.
From a judgment in favor of the defendants, dismissing plaintiff’s suit, she has prosecuted this appeal.[1]
The record reveals that on December 8, 1955, plaintiff executed an “Act of Lease and Agreement to Sell” to the defendants the real property designated by the municipal numbers 531-33 Resor Avenue, in Harahan, Louisiana. The pertinent portions of the agreement provided that the defendants were to liquidate a mortgage in the amount of $4,116.33 in favor of the Commonwealth Savings Association at the rate of $37.75 per month beginning as of January 1, 1956; to pay to plaintiff during her lifetime the sum of $15 per month and to permit her to occupy the property designated as 533 Resor Avenue until her death. The agreement additionally provided that the defendants were to maintain the property in good repair and to make no major alterations or repairs without her written consent, and they were to be considered in default should they be 60 days delinquent in the payments to the homestead. The agreement also provided that when the homestead loan had been liquidated the defendants were to receive from the plaintiff title to the property, subject both to her use of 533 Resor Avenue and to the receipt of $15 per month during her lifetime.
The plaintiff now insists that the defendants have violated the agreement in several respects, as hereinafter enumerated, and that therefore it is now null and void.
(a) One payment, that of February 1956, made to the Commonwealth Savings Association was delinquent for a period of 60 days
(b) That the property has been allowed to fall into a state of disrepair
(c) That the defendants have made alterations and repairs without the written consent and approval of the plaintiff
*11 With reference to the payments due by the defendants to the Commonwealth Savings Association, the agreement states that the payments shall be made each month in the “sum of $37.75 per month, beginning with that payment due in January, 1956 and every month thereafter.” A representative of the Commonwealth Savings Association appeared on behalf of plaintiff and testified that defendants’ check dated December 30, 1955, was credited to the month of December 1955. The plaintiff testified that she made no payment for December 1955, and therefore the defendants’ check issued at the end of December 1955 and which should have been applied as their first payment for January 1956 in conformity with the agreement was applied instead to the payment which plaintiff herself had failed to make for the month of December 1955; all subsequent payments had been made to the homestead for the plaintiff’s account. The effect of this check issued by defendants in the latter part of December 1955 has been to keep them one month ahead of the payments required of them by virtue of the agreement.
Plaintiff insists, as we have said herein-above, that alterations and repairs were made without her consent and that the property has been allowed to fall into a state of disrepair. The alterations and repairs which the plaintiff objected to were the installation of a 220-volt electrical line to serve an air-conditioning unit, the installation of a hot water heater, culverts to facilitate drainage of the property, the venting of a clothes dryer, the installation of a natural gas line, filling of a driveway, and the laying of stones to form a small patio.
We can provide no better answers to the above unjustified charges against the defendants than those written by the trial judge, who asserted in his reasons for judgment that “the improvements placed thereon by defendants show without question that * * * the property is in better shape now than it was when the defendants entered the premises,” and “that the defendants have made no major alterations to the premises in violation of the contract.”
Plaintiff has insisted both in brief and in oral argument before this court that the defendants destroyed various shrubbery and trees which embellished the property. The trial court expressed the opinion that “most of the acts complained of were of a minor nature * * * in fact the plaintiff had agreed to a number of them” and that the acts complained of are not “of sufficient magnitude as to cause a cancellation of the contract.”
This is obviously a case which permits of the application of the accepted doctrine that the conclusions of the trial judge will not be disturbed when questions of fact are exclusively encompassed by the judgment unless clearly erroneous.
Our analysis of the record discloses no error; on the contrary it preponderates in favor of the conclusions reached by the trial court, and the judgment is therefore correct.
For the reasons assigned, the judgment, appealed from is affirmed.
Affirmed.

. See La.App., 105 So.2d 619 for the opinion of this court denying defendants’ motion to dismiss the appeal.