237 So.2d 377

**Alvin P. LICHTENTAG**

v.

**Louis BOWENS, Jr.**

No. 50105.

June 8, 1970.

Rehearing Denied June 29, 1970.

Jesse S. Guillot, New Orleans, for plaintiff-appellant.

Louis Bowens, Jr., in pro. per.

HAMLIN, Justice:

This case concerns an action for possession of real property. The question posed for determination is whether the Court of Appeal was correct in transferring the appeal to the Civil District Court for the Parish of Orleans because the value of the right of occupancy of the property is less than $100.00 per month.

On January 14, 1969, Alvin P. Lichtentag, owner of Apartment #1, 3424½ South Claiborne Avenue, New Orleans, Louisiana, served an eviction notice on his tenant, Louis Bowens, Jr., wherein, Bowens was ordered to vacate and deliver the premises five days from the service of said notice for non-payment of one week's rent in advance in the amount of $16.50 for the period beginning January 12, 1969, and ending January 18, 1969.

On January 20, 1969, Bowens was ordered to show cause in the First City Court of the City of New Orleans, on Jan-

uary 24, 1969, why he should not deliver to Alvin P. Lichtentag the described premises within the time prescribed by law or be ejected from same. Service was made on January 21, 1969, by tacking same on the door after repeated attempts to make a personal or domiciliary service on defend-ant.

The First City Court rendered judgment in favor of the defendant, giving oral reasons for its judgment.[1]

Plaintiff appealed to the Court of Appeal, Fourth Circuit. Under the authority of LSA–C.C.P. Art. 2162,[2] the Court of Appeal transferred the appeal to the Civil District Court for the Parish of Orleans (225 So.2d 101), stating:

"This Court has no appellate jurisdiction of this case. See Article VII, Sec. 29 of the Constitution, as amended. Jurisdiction of this appeal lies in the Civil District Court for the Parish of Orleans. See Article VII, Sections 81 and 91(D) of the Constitution as amended. See also LSA–C.C.P. Art. 4921."

We directed certiorari to the Court of Appeal for review of its judgment. 254 La. 835, 227 So.2d 588.

Counsel for defendant neither filed a brief nor appeared for argument in this Court. Plaintiff's counsel filed a brief in this Court on the day set for argument and submitted the matter for decision.

Counsel for plaintiff contends in this Court that the Court of Appeal erred: (1) In holding that a rule for possession of real estate was an action for a sum, or funds to be distributed, which in the instant case did not exceed $100.00; (2) In holding that in an action for possession of real estate the amount in dispute is the unpaid rent; (3) In confusing an action for rents due with an action for possession of real estate; and (4) In misinterpreting LSA–C.C.P. Art. 4921 and Art. VII, Secs. 91(A) and (D), La.Const. of 1921.

Art. VII, Sec. 29, La.Const. of 1921, vests the Court of Appeal with appellate jurisdiction of all civil matters involving more than one hundred dollars, exclusive of interest, of which the district courts throughout the state have concurrent jurisdiction. Art. VII, Sec. 81, La.Const. of 1921, provides that the Civil District Court for the Parish of Orleans has appellate jurisdiction over all cases tried in the city

---

1. It is alleged in plaintiff's application to this Court for certiorari and in his brief filed herein that the trial judge held that sufficient time had not elapsed between the serving of the notice to vacate and the trial date for possession of the premises. LSA–C.C.P. Arts. 4701, 4731, 4732.

2. "An appeal can be dismissed at any time by consent of all parties, or for lack of

jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.

"If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal

courts of New Orleans where the amount in dispute, value of the movable property involved, or fund to be distributed, does not exceed one hundred dollars, exclusive of interest. Art. VII, Sec. 91(A), La. Const. of 1921, provides that the First City Court for the City of New Orleans has exclusive original jurisdiction in all cases where the amount in dispute or fund to be distributed does not exceed one hundred dollars, exclusive of interest, including suits for the ownership or possession of movable property not exceeding that amount in value, and including suits by landlords for possession of leased premises when the monthly rent does not exceed one hundred dollars. Art. VII, Sec. 91(D) provides that appeals from the First City Court in cases where the amount in dispute or the fund to be distributed does not exceed one hundred dollars, exclusive of interest, shall be taken to the Civil District Court for the Parish of Orleans, where they shall be tried de novo, as provided in Art. VII, Sec. 81, La.Const. of 1921; appeals in all other cases shall be taken to the Court of Appeal for the Fourth Circuit.

LSA–C.C.P. Art. 4921 recites that:

"Except as otherwise provided in this article, the rules provided in Articles 4892 through 4901 [City Courts] apply to a case in a New Orleans city court

is transferred to the supreme court in error, the supreme court may transfer or

where the amount involved is less than twenty-five dollars.

"An appeal in such a case granted prior to July 1, 1960, shall be to the Court of Appeal for the Parish of Orleans; and an appeal in such a case granted on or after July 1, 1960, shall be to the Civil District Court for the Parish of Orleans. On appeal the case shall be tried de novo by a judge of the appellate court."

In Golden v. Pesson, 166 So.2d 282 (1964), it was held that when a lease is on a month-to-month basis, the jurisdiction of the trial court is fixed by the monthly rental rate. The Court of Appeal, Third Circuit, stated, "However, where the sole demand of the suit is to evict the defendant from certain premises, jurisdiction is determined solely by the rent, which is the measure of the value of the right of occupancy, which alone is at issue; jurisdiction is not determined, for instance, by the value of the premises nor of the tenant's assets on the premises."

In Lama v. Manale, 28 So.2d 479 (1946), the Court of Appeal, Parish of Orleans, said:

"It is well settled that the test of jurisdiction of the trial courts in eviction proceedings is the amount of the monthly or yearly rental, and that where a lease for a term of a year or more expresses

retransfer it to the proper court." LSA–C.C.P. Art. 2162.

the rental in monthly payments, it is the amount of the yearly rental which is determinative of jurisdiction. Rev.Stats. Sec. 2156; Lauga v. Baradat, 127 La. 542, 543, 53 So. 856, 857; Dreyfus v. Process Oil & Fuel Co., 140 La. 50, 72 So. 805." See, Sanders v. Arcana, La. App. 105 So.2d 619.

In Board of Levee Com'rs of Orleans Levee Dist. v. Lacassin, 224 La. 570, 70 So.2d 128, 129, this Court stated, "Under our jurisprudence, in a suit for possession of realty such as this, the value of the right of occupancy is the test of appellate jurisdiction; * * *" See, Governor Claiborne Apartments, Inc. v. Attaldo, 227 La. 39, 78 So.2d 502, 503, (1955).

Herein, defendant's rental was on a weekly basis of $16.50; a monthly basis would not have been $100.00. Approximating four and one-third weeks in a month, defendant's monthly rent would have equalled $71.50. Under the above jurisprudence, in eviction proceedings demanding the right of possession or occupancy of real property, the value of the right of occupancy and not the value of the property determines a court's jurisdiction. It follows that the First City Court of the City of New Orleans had exclusive original jurisdiction of this proceeding. Art. VII, Sec. 91(A), La.Const. of 1921, supra. Appellate jurisdiction—the value of the right of occupancy not exceeding $100.00—is in the Civil District Court for

the Parish of Orleans. Art. VII, Secs. 81 and 91(D), La.Const. of 1921, supra.

The Court of Appeal, Fourth Circuit, acted correctly in transferring this appeal to the Civil District Court for the Parish of Orleans. Plaintiff's specification of errors is without merit.

For the reasons assigned, the judgment of the Court of Appeal is affirmed. All costs of this Court to be paid by plaintiff.