283 So.2d 252 (1973)
Mrs. C. M. TETE
v.
Mrs. Crump HARDY.
No. 53470.
Supreme Court of Louisiana.
September 24, 1973.
*253 Melvin G. Dupuis, Hoope, Schmidt & Dupuis, New Orleans, for plaintiff-relator.
William A. Porteous, III, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendant-respondent.
BARHAM, Justice.
Plaintiff, as lessor, after issuing a five-day notice to the defendant-lessee to vacate the leased premises, for making unreasonable demands upon the lessor, refusing inspection of the premises for necessary repairs, creating disturbances at unreasonable times of the night and generally creating a nuisance to the lessor and the entire neighborhood, filed a rule to show cause, in the First City Court of New Orleans, why the defendant should not vacate the premises. A declinatory exception to the jurisdiction of that court was filed by the lessee alleging lack of jurisdiction over the subject matter, inasmuch as this occupancy was under a yearly lease for monthly rental and the value of the right of occupancy (calculated on the accumulated monthly rent for the unexpired term) involved exceeded $100 which the court concluded was the maximum jurisdiction in eviction suits.
The City Court apparently adopted the allegations of the exception that the proper test for jurisdiction of that court in eviction proceedings where a lease for term of a year or more expresses the rental in monthly payments, is the amount of the yearly rental. In accord with maintaining the exception the city court, on lessor-plaintiff's motion, transferred the case to the Civil District Court for the Parish of *254 Orleans. However, the Civil District Court held that the city court was without authority to transfer cases in that manner and declined to consider the case. That question, however, became moot when lessor, after filing a ten-day notice to vacate, rather than the five-day notice used previously, filed a rule to show cause in the Civil District Court for the eviction of the lessee from the premises, urging the same grounds previously urged in the city court.
The summary proceeding for eviction in the district court was met by dilatory exception under Code of Civil Procedure Article 926, urging that plaintiff was unauthorized to issue a summary proceeding. This exception was based upon the contentions that since this was a lease for a definite term, Code of Civil Procedure Article 4701 required that the notice to vacate "* * * be given not more than thirty days before the expiration of the term", and since lessor-plaintiff had not complied with that requirement, the summary proceedings provided for in Code of Civil Procedure Article 4731 could not be invoked in this matter. The district court maintained that exception, holding the use of summary proceedings to be improper.
Lessor then applied to the Court of Appeal for writs of certiorari, which were denied with the following holding by that court:
The first City Court has "exclusive original jurisdiction in * * * suits by landlords for possession of leased premises when the monthly [unlike Const.1913 art. 143, "monthly or yearly"] rent does not exceed one hundred dollars." Const.1921 art. 7 § 91 subd. A; bracketed matter supplied.
Because the Civil District Court is without jurisdiction over the subject matter, the ruling complained of is null whether or not it is correct.
Lessor then applied here and we granted certiorari.
The first question presented for our determination is the original jurisdiction for a proceeding to vacate under a term lease for a year or more, providing for monthly payments of less than $100. We conclude that the city court for the City of New Orleans has exclusive jurisdiction in cases of eviction where the monthly rental is less than $100 even though it is provided for in a yearly lease and the accumulated monthly rent for the year or the unexpired term would exceed $100.
The jurisdiction of the First City Court is unlike that of the other city courts in the state and the other special courts of limited jurisdiction in regard to eviction suits.
Article VII, Sect. 91 of the Constitution of 1921, now Sect. 91, subd. A, by amendment in 1958, provides jurisdiction of that court which is pertinent to the matter at hand:
... It has exclusive original jurisdiction in all cases where the amount in dispute or fund to be distributed does not exceed one hundred dollars, exclusive of interest, including suits for the ownership or possession of movable property not exceeding that amount in value, and including suits by landlords for possession of leased premises when the monthly rent does not exceed one hundred dollars. (Emphasis here and elsewhere supplied).
The predecessors of this provision of the Constitution of 1921 were Articles 143 of the Constitutions of 1898 and 1913. The 1913 Constitution made a drastic change in these earlier provisions relative to jurisdiction of the city court of New Orleans in suits for possession of leased premises which is most pertinent and, in fact, is determinative of the issue we consider. The previous constitutional provisions provide, "* * * suits by landlords for possession of leased premises when the monthly or yearly rent, or the rent for the unexpired *255 term of the lease does not exceed that amount [$100] * * *." This language in the earlier constitutions is similar to that retained in the present law, providing for justices of the peace (Article VII, Sect. 48) and with that providing for city courts and other courts of limited original jurisdiction other than in the Parish of Orleans.
In support of the contention that the jurisdiction of the city court in eviction proceedings depends upon the yearly rental or the accumulation of the rental for the unexpired term, plaintiff cites Lichtentag v. Bowens, 256 La. 559, 237 So.2d 377 (1970) which relies for its authority on Lama v. Manale, 28 So.2d 479 (Orl.La. App.1946); and Sanders v. Arcana, 105 So.2d 619 (La.App.1958), which relied upon Lama as its authority. The authorities cited in Lama were Dreyfus v. Process Oil & Fuel Co., 140 La. 50, 72 So. 805 (1916) and Lauga v. Baradat, 127 La. 542, 53 So. 856 (1911). It should be noted that the Dreyfus case had to be determined under the 1913 constitutional provisions, and that the Lauga v. Baradat case had to be determined under the 1898 constitutional provisions, which provisions were identical.
Lauga v. Baradat is neither factually nor legally apposite, for it determined the appellate jurisdiction of the Supreme Court, citing Revised Statutes of 1870, Sect. 2156. The case which followed, Dreyfus v. Process Oil & Fuel Co., corrected Lauga by stating that Section 2156 of 1870 no longer controlled jurisdiction since the Constitution of 1913 had preempted that statute. The Dreyfus case then goes on to make its determination under the 1913 constitutional provision, providing jurisdiction of justices of the peace and city courts: "* * * whe[n] the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed * * *" ($100). It stated that the test of jurisdiction in a contract for lease by the year under that provision was the total amount of monthly rent due within that term. Both cases are inapplicable under the present constitutional provisions.
Lama v. Manale, supra, involved the jurisdiction of the court of appeal and concluded that the appellate jurisdiction of that court in cases involving possession of leased premises depends upon the yearly rental amount of $2100, rather than the monthly rental amount of $175. It only cites the Lauga and Dreyfus cases for the general principle that the yearly rental is determinative of jurisdiction. Under the specific provisions of the constitutional articles depended upon in determining the appellate jurisdictions, Sections 10 and 29 of Article VII of the Constitution of 1921, that court was justified in its holding without resorting to the non-supporting cases cited. Moreover, the appeal there was from the Civil District Court for the Parish of Orleans and the monthly rental exceeded $175, so that the only issue to be determined in this case was not before the court in Lama v. Manale. In the Sanders v. Arcana case, the court specifically held that the test applied in the court of origin for determining its jurisdiction in eviction proceedings does not apply to a determination of appellate jurisdiction in a claim for possession of leased premises. Sanders v. Arcana was an appeal from the district court of the Parish of Jefferson.[1] The court simply held that where there is a yearly rental under a contract of lease for a year or more, "* * * the amount of the yearly rental is the standard * * *" for determining the appellate court's jurisdiction. Jurisdiction of the court of origin was not at issue.
Plaintiff also cites Board of Levee Com'rs. of Orleans v. Lacassin, 224 La. 570, 70 So.2d 128 (1954). That case is only authority for the proposition before it, *256 which was the test of the appellate jurisdiction of the Supreme Court in eviction proceedings. It is factually and legally inapposite to the case at hand. Lichtentag, supra, is relied upon by both plaintiff and defendant. There the First City Court rendered judgment in a suit where the monthly value of occupancy was less than $100 under a monthly verbal lease of $16.50 per week. The court held: "Herein, defendant's rental was on a weekly basis of $16.50; a monthly basis would not have been $100.00. * * *. It follows that the First City Court of the City of New Orleans had exclusive original jurisdiction of this proceeding. Art. VII, Sec. 91(A), La.Const. of 1921 * * *".
Lichtentag is apposite to the particular facts of this case since it was specifically determined under a monthly lease, paid weekly, with a monthly rental less than $100 per month. The First City Court of the City of New Orleans had exclusive original jurisdiction. Thus, it can be seen that, with the exception of the Lichtentag case, none of the jurisprudence cited provides any prior construction or aid in construction of the constitutional provision we must apply. We have examined the cases simply for the purpose of determining whether they could be distinguished or whether they require overruling under the provision of the constitution applicable here.
It is true that in summary ejectment proceedings the jurisdiction of the court of origin in other courts of limited jurisdiction throughout the state is determined by the monthly rental, if it is a month-to-month rental agreement, but if there is a lease for a year or other term it is the yearly or unexpired rent due at the time of the proceeding which fixes jurisdiction. This is so because the constitution and statutes have made a distinction in the jurisdiction of those courts and the First and Second City Courts for the City of New Orleans. The constitutional and statutory language conferring jurisdiction on these other courts provides that suits by landlords for possession of leased premises are to be considered where the monthly, or yearly rent or the rent for the unexpired term of the lease does not exceed one hundred dollars.[2]
Thus, it may be seen that the Parish of Orleans city courts have been vested with a particular jurisdiction contrary to, and separate and apart from other courts of limited jurisdiction in regard to proceedings by landlords for possession of leased premises. That this is intentional and not accidental may be seen from the provisions *257 of the constitution and the Code of Civil Procedure which state in identical language that the jurisdiction of the Parish of Orleans city courts in these cases depends upon the monthly rent. The constitutional provision, buttressed by the Code of Civil Procedure provisions, of course, controls this case. The exclusive jurisdiction for possession of leased premises in the Parish of Orleans is in the city courts when the monthly rental does not exceed $100, regardless of the term and the amount which would be due under the accumulation of the monthly rental for a year or for the unexpired portion of the term of the lease.
The suit is remanded to the Civil District Court and we herewith order that court to transfer the entire proceedings to the First City Court for the City of New Orleans. We further order the First City Court for the City of New Orleans to dispose of the suit on the merits.
Since this matter has been pending for so long over jurisdictional disputes among the courts below, we will further answer the contention raised in the appeal from the Civil District Court in case it is reurged before the First City Court, so that that court may pass upon that exception pursuant to our instructions and not further delay this matter by requiring application for writs on a matter which is adequately presented before us now.

Summary Proceedings
The contention that summary proceedings were improperly invoked here, which the trial judge approved, is without merit.
The issue presented requires an interpretation of Article 4701 of the Code of Civil Procedure, which reads:
When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, non-payment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term.
Lessee takes the position that since this lease was for a "definite term", notice to vacate "may be given not more than thirty days before expiration of the term," as the last clause of Article 4701 requires. In other words, the position lessee takes is that the only permissible notice to vacate where a lease with a "definite term" is involved is a notice given within thirty days of the expiration date of the term of the lease. In the instant case that would mean within thirty days of May 1, 1977, the end of the lease term. Any effort to evict tenant prior to that time, it is argued, must be undertaken under ordinary proceedings, for Article 4731 makes compliance with Article 4701 a prerequisite to the right to proceed summarily.
The fault of this intended solution to the problem lies in its attempts to isolate the last sentence of Article 4701 from the context of the entire article, disregarding the effect of the first paragraph on these facts. The argument is untenable, for it fails to comprehend that the situation this case presents is within the contemplation of the first paragraph of the Articlea situation where a cause has allegedly been furnished to demand a cessation of the lessee's right of occupancy. Examples of these causes are enumerated as "expiration of its term, action by the lessor, non-payment of rent, or for any other reason"in other words, where the lessee has violated the lease agreement. In these instances, where a cause exists to demand a termination *258 of the lessee's right of occupancy, a notice to vacate which allows the lessee "not less than five days" to vacate satisfies the requirements of Article 4701.
On the other hand, where no proper cause to demand the termination of lessee's right of occupancy exists, the time factor of the notice lessor must give to lessee to avoid a reconduction of the lease is set forth in the last sentence of the Article. In that case the notice "may be given not more than thirty days before the expiration of the term." In the words of the Comment to the Article, "The article also permits the lessor in the case of a lease having a fixed term to anticipate that the tenant will not vacate the premises at the end of the term and to give him the necessary notice prior to the expiration, so that he may take court action as soon as the term is over."
In the instant case the lessor's cause of action for demanding the eviction falls within the clause "for any other reason." Thus, lessor properly notified lessee in accordance with Article 4701. In doing so lessor fulfilled and satisfied the requirements which are prerequisites to invoking the summary proceeding permitted by Article 4732. For these reasons the trial judge improperly denied summary proceeding in the case.
Reversed and remanded, with accumulated costs cast against defendant.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting in part and concurring in part).
On May 16, 1972 lessor, Mrs. C. M. Tete, leased to lessee, Mrs. Crump Hardy, the upper apartment in her dwelling house at 5417 Danneel Street in the city of New Orleans. The lease was for a term of five years, commencing June 1, 1972 and ending May 1, 1977, with the right to renew for an additional term of five years upon notifying lessor thirty days prior to the expiration of the initial term. The consideration for the lease was the payment by lessee of a monthly rental of $97, plus $1 "for garbage fee."
After occupancy of the premises by the lessee a letter dated January 26, 1973 was written by lessor's attorney to lessee referring to "problems that have arisen as a result of your improper use of the premises." The letter advised that lessee's behavior was a violation of the terms and conditions of the lease. It also contained a notice to vacate the lease premises within five days of receipt of the letter. Eviction was threatened if lessee failed to comply.
Lessee did not vacate, and lessor then filed a petition for possession in the First City Court for the City of New Orleans. A declinatory exception to the jurisdiction was filed by lessee alleging that the city court lacked jurisdiction over the subject matter inasmuch as the value of the right of occupancy involved far exceeded $100, the maximum jurisdiction of the city court.
According to the exception, the proper test of jurisdiction of trial courts in eviction proceedings is the amount of the monthly or yearly rental, and, where a lease for a term of a year or more expresses the rental in monthly payments, the amount of the yearly rental is determinative of jurisdiction. These cases were cited to support lessee's exception: Lichtentag v. Bowens, 256 La. 559, 237 So.2d 377 (1970); Board of Levee Commissioners v. Lacassin, 224 La. 570, 70 So.2d 128 (1954); Sanders v. Arcana, 105 So.2d 619 (La. App.1958); Lama v. Manale, 28 So.2d 479 (La.App.1947).
In response to the exception, lessor moved that the exception be maintained in accordance with the cases cited therein, and that the case be transferred to the Civil District Court for the Parish of Orleans, thus agreeing with lessee that the suit should not have been filed in the City Court. The motion was granted and the case transferred. However, the judge of *259 the Civil District Court found that the judge of the City Court was without authority to transfer cases in that manner. Accordingly, he declined to consider the case properly transferred. Since the question of the authority of the City Court judge to transfer this case is now moot, there is no necessity to consider the correctness of this ruling. See La.Code Civ. P. art. 932.
Lessor again served a notice to vacate, this time allowing ten days for lessee to comply. When no compliance was forth-coming a new suit was then filed by lessor on March 27, 1973; it is a petition for possession of the premises in which lessor alleges that lessee has over a long period of time violated the lease by making unreasonable demands upon lessor, refusing to permit lessor or her carpenter to inspect the premises for necessary repairs, making loud and disturbing noises at unreasonable times of the night, and generally creating a nuisance to lessor and the entire neighborhood.
This time lessor's petition to obtain possession of the leased premises was met by a dilatory exception raised under the authority of Article 926 of the Code of Civil Procedure. Two objections were raised: (1) The notice to vacate was improper, for under Article 4701 of the Code of Civil Procedure the lease has a definite term; this being so, Article 4701 requires that the notice to vacate "be given not more than thirty days before the expiration of the term;" and (2) since the notice to vacate did not comply with Article 4701, and compliance with that article is a prerequisite to invoking summary proceedings, the use of the summary proceedings referred to in Article 4731 was not authorized.
The trial judge maintained the dilatory exception, finding the use of summary proceedings to be improper.
Lessor then applied to the Fourth Circuit for writs of certiorari to review the ruling of the trial judge. In denying the application the court stated that:
The first City Court has "exclusive original jurisdiction in ... suits by landlords for possession of leased premises when the monthly [unlike Const. 1913 Art. 143, `monthly or yearly'] rent does not exceed one hundred dollars." Const. 1921 Art. 7 & 9 subd. A; bracketed matter supplied.
Because the Civil District Court is without jurisdiction over the subject matter, the ruling complained of is null whether or not it is correct.
Lessor then applied here and we granted certiorari.

Jurisdiction
Although all parties agree that the case was properly lodged in the Civil District Court for the Parish of Orleans, it is necessary to pass upon the question of jurisdiction because the Court of Appeal held that the Civil District Court did not have jurisdiction. And, as elementary principles recognize, jurisdiction over the subject matter cannot be conferred by consent of the parties. It is, moreover, a question the court may properly recognize ex propria motu.
In my view the Civil District Court had exclusive original jurisdiction to hear and determine this eviction proceeding.
The Civil District Court for the Parish of Orleans has the same broad, all encompassing civil jurisdiction conferred upon the district courts throughout the state, with certain exceptions not pertinent here. La.Const. Art. VII §§ 35, 81.
It has appellate jurisdiction over all cases tried in the city courts of New Orleans where the amount in dispute, value of the movable property involved, or fund to be distributed, does not exceed one hundred dollars. La.Const. Art. VII, § 81.
The jurisdiction of the First City Court, insofar as pertinent here, is set forth in *260 the following extract from Article VII, Section 91, subd. A, of the Constitution:
... It has exclusive original jurisdiction in all cases where the amount in dispute or fund to be distributed does not exceed one hundred dollars, exclusive of interest, including suits for the ownership or possession of movable property not exceeding that amount in value, and including suits by landlords for possession of leased premises when the monthly rent does not exceed one hundred dollars. It has concurrent jurisdiction with the civil district court for the parish of Orleans in all cases except divorce, alimony, titles to real estate and probate matters, when the amount in dispute or fund to be distributed exceeds one hundred dollars but does not exceed one thousand dollars....
It will readily appear from these authorities that the crucial test revolves around the determination of jurisdictional amount. In this regard the value of the leased property is not relevant, the principle concern is the amount of the rent paid by lessee.
This Court's most recent expression on the subject was in Lichtentag v. Bowens, 256 La. 559, 237 So.2d 377 (1970), where the criteria was said to be "the value of the right of occupancy and not the value of the property." The opinion also recognized and approved the rule applied in Lama v. Manale, 28 So.2d 479 (La.App. 1946) to a situation where the lease was for a term, all of which had expired at the time of the suit. There the Court said:
It is well settled that the test of jurisdiction of the trial courts in eviction proceedings is the amount of the monthly or yearly rental, and that where a lease for a term of a year or more expresses the rental in monthly payments, it is the amount of the yearly rental which is determinative of jurisdiction....
See also Dreyfus v. Process Oil & Fuel Co., 140 La. 50, 72 So. 805 (1916).
However, in the case where the lease is for a term, all of which has not expired at the time of the suit, the jurisdictional amount has traditionally been the rent for the unexpired term of the lease. O'Neal v. Pizzolato, 26 So.2d 159 (La.App.1946); Lopez v. Davidson, 26 So.2d 163 (La.App. 1946); Cunningham v. Middleton, 4 La. App. 643 (1926). See also Comment 21 Tul.L.Rev. 256, 265 (1946).
I adhere to these views. The right of occupancy here far exceeds the $100 original, or $1,000 concurrent jurisdictional limit of the First City Court. La.Const. art. 7, § 91, subd. A, supra. Calculated on a $97 monthly rental, the unexpired term of the lease had a value of $4,850 (or $97 × 50 months). This jurisdictional amount based on the value of the "right of occupancy", in my opinion, denies the First City Court the right to adjudicate the issue; it is however within the broad authority of the Orleans Civil District Court. I therefore dissent from the majority opinion on the question of jurisdiction.

Summary Proceedings
The contention that summary proceedings were improperly invoked here, which the trial judge approved, is without merit.
The issue presented requires an interpretation of Article 4701 of the Code of Civil Procedure, which reads:
When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, non-payment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to *261 vacate under this article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term.
Lessee takes the position that since this lease was for a "definite term", notice to vacate "may be given not more than thirty days before expiration of the term" as the last clause of Article 4701 requires. In other words, the position lessee takes is that the only permissible notice to vacate where a lease with a "definite term" is involved is a notice given within thirty days of the expiration date of the term of the lease. In the instant case that would mean within thirty days of May 1, 1977, the end of the lease term. Any effort to evict a tenant prior to that time, it is argued, must be undertaken under ordinary proceedings, for Article 4731 makes compliance with Article 4701 a prerequisite to the right to proceed summarily.
The fault of this intended solution to the problem lies in its attempts to isolate the last sentence of Article 4701 from the context of the entire article, disregarding the effect of the first paragraph on these facts. The argument is untenable, for it fails to comprehend that the situation this case presents is within the contemplation of the first paragraph of the Articlea situation where a cause has allegedly been furnished to demand a cessation of the lessee's right of occupancy. Examples of these causes are enumerated as "expiration of its term, action by the lessor, non-payment of rent, or for any other reason"in other words, where the lessee has violated the lease agreement. In these instances, where a cause exists to demand a termination of the lessee's right of occupancy, a notice to vacate which allows the lessee "not less than five days" to vacate satisfies the requirements of Article 4701.
On the other hand, where no proper cause to demand the termination of lessee's right of occupancy exists, the time factor of the notice lessor must give to lessee to avoid a reconduction of the lease is set forth in the last sentence of the Article. In that case the notice "may be given not more than thirty days before the expiration of the term." In the words of the Comment to the Article, "The article also permits the lessor in the case of a lease having a fixed term to anticipate that the tenant will not vacate the premises at the end of the term and to give him the necessary notice prior to the expiration, so that he may take court action as soon as the term is over."
In the instant case the lessor's cause of action for demanding the eviction falls within the clause "for any other reason." Thus, lessor properly notified lessee in accordance with Article 4701. In doing so lessor fulfilled and satisfied the requirements which are prerequisites to invoking the summary proceeding permitted by Article 4732. For these reasons the trial judge improperly denied summary proceeding in the case.
I concur with the majority on the summary proceedings issue.
NOTES
[1] Apparently there were only justices of the peace courts in the Parish of Jefferson at that time who would have had concurrent jurisdiction with the district court and there were no other courts of limited jurisdiction such as city or parish courts. The Parish Court of Jefferson was created after the decision in the Sanders case.
[2] Constitutional Art. VII, Sect. 48 provides that justices of the peace have concurrent jurisdiction with district courts up to $100 "* * * in suits of landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed said amount".

Constitutional Art. VII, Sect. 51 provides that the legislature may enact laws conferring civil jurisdiction on city courts of various populations. La.Code of Civ.Proc. Articles 4832, 4833 and 4834 provide that city courts, other than New Orleans, have concurrent jurisdiction with the district courts up to $100 "* * * including suits by landlords for the possession of leased premises where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed this amount".
Pertinently, La.Code Civ.Proc. art. 4835 immediately following, provides exactly in accordance with the constitutional provision, Art. VII, Sect. 91, subd. A, that the city courts of New Orleans "* * * have exclusive original jurisdiction ... of suits by landlords for the possession of leased premises where the monthly rent does not exceed this amount (one hundred dollars)".
The Parish Court for the Parish of Jefferson has civil jurisdiction concurrent with the district court "* * * where the amount in dispute, or value of the property involved, does not exceed $1,000.00, exclusive of interest, costs and attorney fees, including suits for possession of leased premises; * * *". La.Rev. Statutes 13:2561.2. La.Rev. Statutes 13:2561.10 provides: "The provisions of the Louisiana Code of Civil Procedure with reference to city courts, shall be applicable to this court in all civil cases".