STOULIG, Judge.
Plaintiff, Joseph P. Krieg, filed a petition for possession of the premises designated as Room 214 of 117 Focis Street, Metairie, Louisiana, against defendant, Jack Sciorti-no. Plaintiff alleged Sciortino took possession of the area March 1, 1976 with the understanding he was to execute a five-year written lease to be effective retroactively to the date of occupancy. He further alleged Sciortino refused to execute the lease agreement after taking possession and continued to occupy the premises also refusing to pay rent. This rule, filed July 27, 1976, was made absolute after a hearing and judgment was rendered ordering Scior-tino to relinquish possession. He has appealed.
Appellant first challenges the jurisdiction of the First Parish Court. There is no merit in this contention.
*1217 L.R.S. 13:2561.2 confers civil jurisdiction on the First Parish Court for the Parish of Jefferson in disputes or ejectments where the monetary amount at issue does not exceed $1,000, exclusive of interest and costs. The object of this suit is the eviction of an occupant who either converted plaintiff’s property to his own use by misrepresenting he would subsequently execute a lease or who occupied on a month-to-month lease basis at a stipulated rental of $155. If this is a case of conversion, there is no criterion for setting a monetary demand absent a prayer for damages as well as for eviction, thus the First Parish Court may hear the claim. Conversely, if we treat this as a month-to-month lease that the lessee tacitly accepted by taking possession of the premises, the monthly rental of $155 — well below the jurisdictional limitation of L.R.S. 13:2561.2 — is the controlling monetary sum for the purposes of determining whether the First Parish Court may adjudicate this case. See Tete v. Hardy, 283 So.2d 252 (La.1973).
On the merits the dispute here is one of fact. On October 24, 1975, plaintiff entered into a five-year written lease whereby he rented the premises 115 Focis Street for usé as a beauty school. The premises Room 214 of 117 Focis Street, from which the plaintiff now seeks to eject the defendant, is located upstairs in the same building as the ground floor area covered by the written lease of 115 Focis. Room 214 of 117 Focis was not included in the original lease; however, because both landlord and tenant knew the downstairs area did not contain the square footage required by lessee to obtain a license from the Louisiana Board of Cosmetology to operate a beauty school, the landlord agreed he would make available space in the upstairs portion of the building (designated as 117 Focis) should Sciortino need more space.
Appellant adduced the testimony of an architect who verified but did not measure the square footage of the area and members of the Board of Cosmetology which, when read as a whole, establishes two factors: (1) the premises 115 Focis does not contain sufficient footage to qualify as a beauty school under state law, and (2) while defendant’s application to the state board was being processed (after the written lease was executed) the area Room 214 of 117 Focis was mentioned as potential available space should Sciortino need it to qualify for a license. None of this testimony supports Sciortino’s assertion that the upstairs space was included in the written lease of October 24, 1975. In fact it is a notation of Sciorti-no that refutes his own defense to this proceeding. In a memorandum dated February 5, 1976 in which plaintiff’s agent Odenwald Real Estate certifies that Jack Sciortino has available for use as a beauty school Rooms 214 and/or 209 at 117 Focis Street, Sciortino made the handwritten notation “Will lease Room 214 for classroom.” This was done to satisfy the state board requirement and because he indicated he planned to lease the disputed area some four months after the written lease for 115 Focis Street was executed, it is apparent the written lease did not cover the disputed area. The testimony and documentary evidence amply support plaintiff’s demand and the trial court’s judgment.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.